# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

ANITA AULTMAN,

    Plaintiff,

v.

LAKE PARK TRAVEL CENTER,

    Defendant.

Civil Action No. 7:05-cv-00075(HL)

# ORDER

Before the Court is Defendant's Motion for Summary Judgment (Doc. 12) in which Defendant argues Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e to §2000e-17 (West 2003), should be dismissed as she failed to timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). Defendant further argues that it is entitled to judgment as a matter of law, and seeks dismissal of all claims. The Court, having given due consideration to the record, finds Plaintiff failed to properly exhaust her administrative remedies before filing suit. As a result, Defendant's Motion (Doc. 12) is granted, in part, as more fully set forth below.

## I. FACTS

Plaintiff, Anita Aultman, was employed by Defendant Lake Park Travel Center from August of 1997 until April 30, 2004. Plaintiff alleges that on March 19, 2004, a male employee grabbed her crotch area while making inappropriate sexual gestures. Plaintiff alleges that after she reported the incident to management, she was informed that she could

be terminated for the incident. Plaintiff was terminated, less than forty days later, on April 30, 2004.

According to Plaintiff, she initially contacted the EEOC about Defendant's actions on or about September 21, 2004. Plaintiff asserts the EEOC took her claim over the phone and told her "they would review [her] claim and send [her] some paper work [to sign]." (Pl.'s Aff. ¶ 25.) Plaintiff claims she later received the charge of discrimination filed in this case and, after signing the charge, returned it to the EEOC via mail. It is undisputed that the EEOC received the signed charge on November 10, 2004.

After receiving a right to sue letter, Plaintiff filed the lawsuit at issue here, alleging a cause of action under Title VII for sex and race discrimination (Compl. ¶¶ 44-48), and a cause of action for retaliation under Title VII and 42 U.S.C. § 1981 (Compl. ¶¶ 49-53). Within her second cause of action, Plaintiff also states, "A claim lies under 42 U.S.C. § 1983 for said violations of the Fifth and Fourteenth Amendments to the U.S. Constitution." (Compl. ¶ 51.) Defendant denies liability and contends Plaintiff's employment was terminated due to drawer shortages, playing the lottery while on the clock, and an abnormal number of drive-offs.

After the close of discovery in this case, Defendant filed the Motion for Summary Judgment currently before the Court, alleging in addition to a merit-based Title VII argument, that Plaintiff's Title VII claims are barred because she failed to exhaust her administrative remedies prior to filing suit. Specifically, Defendant alleges Plaintiff failed to file a charge of discrimination with the EEOC within 180 days after the alleged unlawful

employment action, as Plaintiff's one and only charge was received by the EEOC on November 10, 2004, after the time for filing had run. In response, Plaintiff argues the phone call she made to the EEOC on September 21, 2004, 144 days after termination, satisfies the filing requirement. According to Plaintiff the charge received by the EEOC was simply an amendment of her original charge taken over the telephone.

## II. ANALYSIS

### A. 42 U.S.C. § 1983

In her complaint, Plaintiff alleges a "claim lies under 42 U.S.C. § 1983." (Compl. ¶ 51.) In its Motion for Summary Judgment, Defendant's only mention of 42 U.S.C. § 1983 is contained in the following sentence: "In Count II of her Complaint, plaintiff contends that she was terminated 'with reckless disregard for her right to be free from discrimination in the workplace' because of her opposition to defendant's conduct and unlawful employment practices, contrary to Title VII and 42 U.S.C. § 1983." (Mem. Law Supp. Def.'s Mot. Summ. J. at 16-17.) Nowhere else in the Motion is § 1983 discussed or mentioned. Nor is § 1983 mentioned in Plaintiff's documents. Thus, it is not clear from Defendant's Motion whether it intended to move for summary judgment as to any claims Plaintiff might be attempting to bring under § 1983. Nevertheless, the Court finds that summary judgment is appropriate as to any such claims.

Private conduct is not subject to redress under § 1983. A plaintiff who seeks relief pursuant to § 1983 must establish that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985 (1999). A plaintiff who seeks to show that a deprivation was committed "under color of state law" must show that the challenged conduct "is fairly attributable to the State." Id. at 50, 119 S. Ct. at 985. In order to determine whether conduct "is fairly attributable to the State," a must identify "'the specific conduct of which the plaintiff complains.'" Id. at 51, 119 S. Ct. at 985 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004, 102 S. Ct. 2777 (1982)). Here, plaintiff complains of no conduct that is fairly attributable to the State. Thus, to the extent she seeks to bring claims pursuant to § 1983, those claims are dismissed.

**B.     Title VII**

Before suing under Title VII, a plaintiff must first exhaust his or her administrative remedies. Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing Crawford v. Babbitt, 186 F.3d 1322, 1326 (11th Cir. 1999)). Exhaustion requires, in part, that a plaintiff file a charge of discrimination with the EEOC. Id. (citing 42 U.S.C. § 2000e-5(b) (1994); Alexander v. Fulton County, 207 F.3d 1303, 1332 (11th Cir. 2000)). A plaintiff must do so within either 180 or 300 days[1] "after the alleged unlawful employment practice occurred." 42 U.S.C.A. § 2000e-5(e)(1) (West 2000). If a plaintiff fails to file before this time elapses, her claim is untimely. In other words, a plaintiff is procedurally

---

[1] The 300-day time period is utilized in those states that have entities with the authority to grant or seek relief with respect to unlawful employment practices and an employee files a grievance with that agency; in all other states, known as "non-deferral states," the charge must be filed within 180 days. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). Because Georgia is a non-deferral state, the 180-day time period applies. Watson v. Blue Circle, Inc., 324 F.3d 1252, 1258 (11th Cir. 2003).

barred for failure to exhaust Title VII's administrative remedies if she fails to file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. See Everett v. Cobb County Sch. Dist., 138 F.3d 1407, 1410 (11th Cir. 1998).

The regulations governing Title VII provide that charges "may be made in person or by mail at any office of the Commission or with any designated representative of the Commission." 29 C.F.R. § 1601.8 (2006). Further, although a charge may be submitted to the EEOC by mail, "mailing is not filing for purposes of the 180-day limit." Taylor v. General Tel. Co., 759 F.2d 437, 441 (5th Cir. 1985). The regulations provide that "charges are timely filed if received by the Commission within 180 days from the date of the alleged violation." 29 C.F.R. § 1601.13(a)(1) (2006). See also Taylor, 759 F.2d at 441 (construing EEOC regulations to mean that a charge is "filed" when it is received by the Commission).

With respect to the form of the charge, the Code provides that "[c]harges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires." 42 U.S.C.A. 2000e-5(b) (West 2003). The regulations governing EEOC filings further direct that the charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9 (2006). The regulations also provide that "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (2006).

Relying on the forgoing principles, the Court finds the telephone call Plaintiff allegedly made to the EEOC on September 21, 2004, is not a charge of discrimination within

the meaning of Title VII. The Code and regulations governing EEOC filings are clear that charges of discrimination must be in writing. An oral telephone conversation cannot constitute a charge of discrimination.

Plaintiff asserts the written charge received by the EEOC on November 10, 2004 was simply an amendment of her previous charge. While the regulations provide that a charge may be amended "to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein," 29 C.F.R. § 1601.12(b) (2006), this presupposes that a sufficient charge has in fact been filed. Here, Plaintiff had no communication, other than the telephone conversation, with the EEOC before the 180-day period had run. Because a telephone call is not a sufficient charge, the written charge was not an amendment, but rather, was the initial charge. As Plaintiff's only sufficient charge of discrimination was received by the EEOC on November 10, 2004, some 194 days after her employment was terminated, Plaintiff failed to exhaust her administrative remedies before filing suit. Accordingly, Plaintiff's claims under Title VII are barred.

### C. 42 U.S.C. § 1981

In her second cause of action, Plaintiff alleges she was subjected to retaliation in violation of Title VII and 42 U.S.C. § 1981 "because of her opposition of defendant's conduct and employment practices." (Compl. ¶ 50.) In its Motion for Summary Judgment, Defendant has not referenced § 1981 at all. It could be that Defendant intended to discuss § 1981, rather than § 1983, at page 17 of its Motion in Support of Summary Judgment, since Defendant references paragraph 50 of Plaintiff's complaint, which is the paragraph in which

Plaintiff discusses her § 1981 claim.[2] However, no reference to § 1981 or relevant case law is contained in the briefs of either party. Thus, it is not clear from the briefs whether Defendant intended to move for summary judgment as to the § 1981 claims.

Section 1981 provides a federal remedy for discrimination by a private employer and encompasses claims for race-based retaliation. <u>Andrews v. Lakeshore Rehab. Hosp.</u>, 140 F.3d 1405, 1412 (11th Cir. 1998). Claims brought pursuant to § 1981 are analyzed under the same framework as Title VII claims. <u>Rice-Lamar v. City of Ft. Lauderdale</u>, 232 F.3d 836, 843 n.11 (11th Cir. 2000); <u>Standard v. A.B.E.L. Servs., Inc.</u>, 161 F.3d 1318, 1330 (11th Cir. 1998). Moreover, unlike claims of discrimination in employment brought pursuant to Title VII, claims brought pursuant to § 1981 need not satisfy the various administrative prerequisites of a Title VII claim. However, discrimination claims based on sex are not cognizable under § 1981. <u>St. Louis v. Alverno College</u>, 744 F.2d 1314, 1317, (7th Cir. 1984).

As suggested by the foregoing authorities, race-based employment discrimination claims, including those for retaliation, that might otherwise be barred under Title VII for failure to satisfy administrative prerequisites may still be pursued under § 1981. However, sex-based employment discrimination claims, including those for retaliation, are not cognizable under § 1981. Thus, to the extent that Plaintiff attempts to bring sex-based employment discrimination claims under § 1981, those claims would be subject to dismissal. However, Plaintiff's race-based claims that are otherwise barred under Title VII, might still

---

[2] Plaintiff's § 1983 claim is discussed at paragraph 51 of the complaint.

be cognizable under § 1981.

Here, Plaintiff has raised issues of both race and sex in her claims against her employer and in her complaint. However, with respect to the Motion for Summary Judgment, neither party has discussed Plaintiff's claims specifically within the context of § 1981. Thus, to the extent that Defendant seeks summary judgment as to all claims, which would necessarily include Plaintiff's § 1981 claims, the Court is without benefit of any argument from the parties. As a result, this Court declines to address the merits of Plaintiff's race-based claims under § 1981 in the context of Defendant's Motion for Summary Judgment, and to the extent Defendant's Motion seeks summary judgment as to them, the Motion is denied.

### III. CONCLUSION

In view of the foregoing, Defendant's Motion for Summary Judgment is granted as to Plaintiff's claims under Title VII; the Court finds that any such claims are barred for failure to exhaust administrative remedies. To the extent that Plaintiff seeks to bring claims under 42 U.S.C. § 1983, any such claims are dismissed. To the extent that Plaintiff seeks to bring claims of sex discrimination under § 1981, any such claims are dismissed. To the extent that Plaintiff's complaint alleges claims for race-based discrimination under § 1981, or to the extent that the complaint may allege claims under state law, those claims remain.

**SO ORDERED**, this the 30th day of March, 2007.

/s/ Hugh Lawson

**HUGH LAWSON, Judge**

eab/scs/mls